Marisol Esmeralda **MARTINEZ–ALVARADO**, Petitioner

v.

**Eric H. HOLDER, Jr., U.S. Attorney General**, Respondent.

No. 10–60121
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 23, 2010.

John L. Mendoza, Esq., Houston, TX, for Petitioner.

Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Marisol Esmeralda Martinez–Alvarado (Martinez), a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of an order of the immigration judge (IJ) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Martinez's application for relief was denied based on the adverse credibility determinations reached by the IJ and the BIA.

Martinez argues that she established the requisite well-founded fear of future persecution based on her testimony that she was kidnaped and raped by gang members, who held her for four months and released her only when Martinez's family paid ransom. She asserts that due to her youth and the ability of her family to pay ransom demands, she will again be a target for gang exploitation if she is forced to return to El Salvador.

We review an immigration court's findings of fact for substantial evidence, and we "may reverse a decision on a factual finding only when the evidence compels us to do so." *Zhu v. Gonzales,* 493 F.3d 588, 594 (5th Cir.2007). Among the findings of fact that we review for substantial evidence is an immigration court's conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales,* 432 F.3d 339, 344–45 (5th Cir.2005).

Pursuant to the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Wang v. Hold-*

*er,* 569 F.3d 531, 538 (5th Cir.2009) (quotation and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Wang,* 569 F.3d at 538 (internal quotation and citation omitted).

There were inconsistencies between Martinez's oral testimony and her written asylum application. Martinez testified regarding her four-month detention and sexual abuse by gang members, but this significant event was not mentioned in her asylum application. Martinez also gave inconsistent testimony regarding the time frame in which she was kidnaped and held in captivity and an incident in which her niece was shot by gang members. Martinez failed to provide corroborative evidence, such as copies of police reports regarding her family's numerous complaints to police, that might have lent credence to her account of persecution. The IJ and the BIA noted these considerations in determining that Martinez's testimony was not credible.

Martinez has provided no basis for setting aside the agency's adverse credibility determination. Because the credibility determinations of the IJ and the BIA are supported by substantial evidence, we will not disturb them. *See Wang,* 569 F.3d at 540.

Martinez's asylum, withholding, and CAT claims were all based on her assertion that she was in danger of being harmed by a gang in El Salvador. Because the agency's adverse credibility determination regarding Martinez's claims withstands review, it follows that the deci-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sion to deny relief is supported by substantial evidence. *See Zhang*, 432 F.3d at 344–45. Accordingly, Martinez's petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.